AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| United States of America<br>v.<br><br>ALEXANDRA DEMONTRELL BURROUGHS<br><br>*Defendant(s)* | )<br>)<br>)  Case No.<br>)  H 16-<br>)<br>)  H16-1802M<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __DECEMBER 14, 2016__ in the county of __HARRIS__ in the __SOUTHERN__ District of __TEXAS__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| TITLE 18, UNITED STATES CODE, SECTION 930(a) | KNOWINGLY POSSESSING OR CAUSING TO BE PRESENT A FIREARM OR OTHER DANGEROUS WEAPON IN A FEDERAL FACILITY (OTHER THAN A FEDERAL COURT FACILITY), IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 930(a). |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☐ Continued on the attached sheet.

_____
Complainant's signature

GLENN GREGORY, FBI SPECIAL AGENT
Printed name and title

Sworn to before me and signed in my presence.

Date: December 15, 2016

_____
Judge's signature

City and state: HOUSTON, TEXAS        STEPHEN WM. SMITH, U.S. MAGISTRATE JUDGE
Printed name and title

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

H16-1802M

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Glenn Gregory, being duly sworn, do hereby depose and state:

1. I am a Special Agent of the Federal Bureau of Investigation [FBI], duly appointed according to law and acting as such. I have been a Special Agent with the FBI for twenty [20] years and am assigned to the FBI Houston Division Violent Crime Task Force [VCTF]. The VCTF is comprised of Task Force Officers [TFO's] from the Houston Police Department, the Harris County Sheriff's Office, and Special Agents of the FBI. The VCTF is responsible for the investigation of, among other violent crimes, crimes of violence occurring at federal facilities. The facts contained in this affidavit are based upon information provided to me by other law enforcement officers, other witnesses, and my own personal knowledge. Since this affidavit is made for the limited purpose of supporting a Criminal Complaint, I have not set forth each and every fact learned during the course of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause for the crimes charged. Unless otherwise indicated, where actions, conversations, and statements of others are related herein, they are related in substance and in part only.

2. On December 14, 2016 your affiant was contacted by Detective Matthew Taylor, U.S. Department of Veterans Affairs Police Department regarding ALEXANDRA BURROUGHS [hereinafter referred to as BURROUGHS]. In summary Detective Taylor provided the following information:

a. On December 13, 2016 BURROUGHS entered the main building at the Michael E. DeBakey Veterans Affairs Medical Center, 2002 Holcombe Boulevard, Houston, Texas, where she met with a civilian employee. BURROUGHS identified herself as a United States government contract employee. BURROUGHS specifically identified herself as a contract employee of the Central Intelligence Agency [CIA] and the Centers for Disease Control and Prevention [CDC], Department of Health and Human Services. BURROUGHS requested a Veterans Affairs [VA] Personal Identity Verification [PIV] card and a VA issued laptop computer. The civilian employee informed BURROUGHS she could leave her contact information, and that she would be contacted at a later date for further processing of her request. The civilian employee subsequently contacted the VA Police Department.

b. On December 14, 2016 Detective Taylor contacted BURROUGHS, via electronic mail, to advise her that he was assigned to conduct her background investigation related to her PIV access request. On December 14, 2016 BURROUGHS arrived at the VA Police Department station, located on the grounds of the Michael E. DeBakey Veterans Affairs Medical Center, 2002 Holcombe Boulevard, Houston, Texas and within the Sothern District of Texas, where she met with Detective Taylor. BURROUGHS was wearing a blue color baseball cap bearing the initials "CIA." During the interview Detective Taylor asked BURROUGHS to provide documentation to support her claim of being a contract employee of the United States government. BURROUGHS subsequently provided Detective Taylor an identification card, bearing her photograph, titled "Special Identification Pass, United States Special Operations Command, C.I.A. Paramilitary Group, Sr. Security Officer." The front of the card contained the CIA seal and the United States Special Operations Command seal. The back of the card contained printed information which included the following statement: "This officer is authorized to wear civilian clothing, carry

unusual personal weapons, transport and possess prohibited items, including U.S. currency, pass into restricted areas and requisition equipment of all types, including weapons and vehicles." BURROUGHS' signature is affixed on the back of the card above the printed words "BEARER SIGNATURE." The back of the card also contains the printed words "David H. Petraeus, Director, Central Intelligence Agency, with an apparent photocopy of the signed name David H. Petraeus affixed above the printed name and title.

    c. After BURROUGHS displayed the aforementioned identification card, Detective Taylor asked BURROUGHS is she was carrying a firearm. BURROUGHS responded that she was carrying a firearm. Detective Taylor explained to BURROUGHS that he would need to secure her firearm while she was present at the VA facility. BURROUGHS subsequently removed a holstered Smith and Wesson 9mm pistol from her waistband and provided the firearm to Detective Taylor. The pistol contained a magazine loaded with eleven [11] 9mm cartridges.

3. On December 14, 2016 your affiant and FBI SA Michael Walker took custody of BURROUGHS and transported her to the FBI Houston Division field office for interview and arrest processing. After being advised of her rights, acknowledging she understood her rights, and voluntarily consenting to be interviewed without an attorney present BURROUGHS admitted to presenting the aforementioned identification card to Detective Taylor, admitted to purchasing the identification card from a private company, and admitted possessing the aforementioned 9mm pistol while on the campus of the Michael E. DeBakey Veterans Affairs Medical Center. Affiant has no information indicating that BURROUGHS: 1.) was engaged in the lawful performance of official duties; 2.) or a Federal Official; 3.) or engaged in or supervises the prevention, detection, investigation, or prosecution of any violation of law; 4.) or is a member of the Armed Forces; 5.) or engaged in hunting or other lawful purpose.

4. Detective Taylor advised your affiant signs are displayed at all public entrances to the Michael E. DeBakey Veterans Affairs Medical Center campus that contain the following warning:

> **NOTICE NO FIREARMS OR WEAPONS ALLOWED ON THIS PROPERTY**
> **18 USC 930**

5. Based on the foregoing your affiant believes there is probable cause to believe that on December 14, 2016, BURROUGHS possessed a firearm in a Federal facility (other than a Federal court facility) in violation of Title 18, United States Code, Section 930(a).

GLENN GREGORY, Special Agent
FEDERAL BUREAU OF INVESTIGATION

Sworn to and subscribed before me
This ___15th___ day of December 2016.

STEPHEN WM. SMITH
UNITED STATES MAGISTRATE JUDGE